UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL L RAMBO JR,

   Plaintiff,

   v.           CAUSE NO.: 3:18-CV-740-JD-MGG

IDOC, et al.,

   Defendants.

OPINION AND ORDER

   Michael L. Rambo, Jr., a prisoner without a lawyer, filed a complaint alleging that a correctional officer used excessive force against him on May 10, 2018, at the Westville Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

   Rambo alleges that, on May 10, 2018, officers were searching his cell and found his "hooch." So, Rambo tried to walk away. However, the officers stopped and subdued him. After they had him handcuffed and fully restrained, Sergeant Stacy Smiley pepper sprayed him three times: twice in his eyes and once in his mouth. She did this without any legitimate reason or need.

Rambo alleges that Sergeant Smiley's use of pepper spray constitutes excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Based on the facts alleged, Rambo has stated a claim against Sergeant Smiley for using excessive force against him in violation of the Eighth Amendment.

Rambo names two other defendants, but he does not state a claim against either of them. Rambo sues Warden Seviers and the Indiana Department of Corrections. The warden is not mentioned anywhere in the body of the complaint. Thus, Rambo does not allege that the warden violated his rights, only that he supervised employees who did. However, there is no general respondeat superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Thus, this complaint does not state a plausible claim against the warden. Additionally, the IDOC is a State agency and is immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State

based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). These exceptions do not apply here, so I cannot permit Rambo to pursue a claim against the IDOC.

For these reasons, the court:

(1) GRANTS Michael L. Rambo, Jr., leave to proceed against Sergeant Stacey Smiley in her individual capacity for compensatory damages for spraying him with pepper spray on May 10, 2018, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Seviers and the IDOC;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sergeant Stacey Smiley at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), Sergeant Stacey Smiley to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 25, 2018

    /s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT